'Ryals *vs.* Baggs *et al.*

There was no error in refusing the motion for new trial in this case. The verdict is sustained by the evidence; the judge below was satisfied with it, and this court will not interfere with his discretion.

Judgment affirmed.    (Head-note by the court.)

November 3, 1887.

Simmons, Justice.

[The plaintiffs sued Ryals for " a tract of land containing 350 acres, agreeably to an original survey, lying on the waters of Battle creek," in the 40th district G. M. of Tatnall county, " embraced in what is known as the Michael Mattox old mill-seat, bounded on the north by land of Martha Mints; east, C. Tootle and J. J. Easterly; south, Henry Ryals, Jr.; west, Henry Ryals, Jr., and Millard Rogers." They claimed under a deed dated July 15th, 1867, from David S. Baggs to David J. Baggs, in consideration of love and affection for his grandchildren, and conveying to David J. in trust for his children (the plaintiffs) the land in dispute with other lands. They also in-

troduced a deed, dated November 26th, 1863, from Michael M. Mattox to David S. Baggs, covering the property in dispute. Also a grant from the State to John Mattox, covering the same property. Also testimony to the following effect:

The county surveyor made a plat of the property, and found that it contained only 256 acres, the original survey of the grant being incorrect, and he could locate it only by the surrounding tracts. He detailed the method of his survey; in his opinion the 256 acre tract included all the mill-dam, dwelling-house and improvements; they are also included in the Columbus Tootle grant. He could not identify the line of the property according to the degrees laid down in the original plat, except one; he knew of other no mill-seat near the place. Many of the old surveys were carelessly made and incorrect. John Mattox died in 1846 or 1847. His son, Michael M. Mattox, took possession of the place as his heir, and held for some years. David S. Baggs took possession in his life-time.

The defendant introduced a grant from the State to John Mattox, dated 1813, to a square of 600 acres, bounded on all sides by vacant land, with Battle creek running through it. Also a grant from the State to Columbus Tootle, dated August 13th, 1877, covering 126 acres in Tattnall county, bounded by Baggs' and Rogers' land. Also a deed dated March 26th, 1878, from Columbus Tootle to Columbus A. Baggs, for himself, and as trustee for John B. Baggs, Archibald Baggs and David Baggs, minor heirs of David J. Baggs, deceased, conveying 49 acres in the 40th district G. M. of Tattnall county, granted by the State to Tootle August 13, 1877. Also a deed dated November 15th, 1878, between Columbus A. Baggs and John M. Baggs to Wm. W. Rogers, conveying two-thirds of the land comprised in the grant to Columbus Tootle, " known as the Mattox old mill." Also a deed dated February 15th, 1881, from C. A. Baggs, administrator of " Archly Baggs," to C.

P. Rogers, conveying 600 acres, "known as the Mattox survey," etc. The ordinary's order for the sale of this land and Baggs' letters of administration, were also introduced. Also a deed, dated 1879, from W. W. Rogers to C. P. Rogers, conveying 196 acres, granted to Columbus Tootle on August 13th 1877, known as the Mattox old mill, etc. Also a deed from C. P. Rogers to defendant, dated April, 1881, conveying three tracts " containing seventy-four acres, of which 600 acres were granted to John Mattox, grant bearing date 29th of May, 1815, and two other tracts granted to Columbus Tootle, grant bearing date August 13th, 1877. Also a deed, dated July 15th, 1877, from David S. Baggs to David J. Baggs, in trust for the use of Columbus Baggs, John A. Baggs and Archibald Baggs, minor grandsons of the vendor and sons of the vendee, conveying 1,530 acres including " 600 acres agreeably to original survey, and granted to John Mattox, bearing date 29th of November, 1815, and of said tracts containing 650 acres agreeable to original survey, and granted to John Mattox, said grant bearing date of the 26th of November, 1835, said tract being where a mill is located."

Columbus Tootle testified that he found that the land in dispute seemed to be vacant, and had it run up as granted to himself; that there was another old mill on some of the Baggs land, but none on the land of any of the surveys adjoining the land in dispute; that he was present when the county surveyor surveyed the land in dispute, and was satisfied that if the Mattox grant of 1818 was correctly surveyed, it covered the land in dispute and it was not vacant.

The jury found for the plaintiffs. The defendant moved for a new trial upon the ground that the verdict was contrary to law and evidence. This was refused, and he excepted.]